**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES DAVIS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)　　2:07-cv-1174-JCM-LRL
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　**ORDER**
HIGH DESERT STATE PRISON, *et al.*,　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　/

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*..

**I.　　Application to Proceed *In Forma Pauperis* (docket #1)**

Based on the information about plaintiff's financial status, including any additional information plaintiff may have provided, the Court finds that plaintiff is NOT able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II.　　Screening of the Complaint**

The complaint must be screened pursuant to 28 U.S.C. §1915A.  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to

1  state a claim upon which relief may be granted or seek monetary relief from a defendant who is
2  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally
3  construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim
4  under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
5  Constitution or laws of the United States was violated, and (2) that the alleged violation was
6  committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48
7  (1988).

8        In addition to the screening requirements under § 1915A, a federal court must dismiss
9  a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or
10  malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against
11  a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2).
12  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for
13  in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing
14  the adequacy of a complaint or amended complaint.

15        Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*
16  *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a
17  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim
18  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In
19  making this determination, the Court takes as true all allegations of material fact stated in the
20  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*
21  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less
22  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9
23  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

24        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
25  the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on
26  legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or

claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### A. Plaintiff's Allegations

Plaintiff names the following individuals as defendants to this action: the Classification Committee at High Desert State Prison (HDSP), Lieutenant Powe, a correctional officer at HDSP, Dwight Neven, warden of HDSP, the State of Nevada, Lieutenant Gunn, a correctional officer at HDSP, Correctional Officer Williams, and Mr. Pomer, laundry staff at HDSP. Plaintiff alleges that another inmate beat him, sexually assaulted him and stole his property. Plaintiff contends that when he complained of the incident, he was placed in administrative segregation with no clothes or shoes.

### B. Defendants in their Official Capacity

State officials acting in their official capacity do not constitute "persons" subject to suit under section 1983 for monetary relief. *See, e.g., Will v. Michigan*, 491 U.S. 58 (1989). Further, claims against state officials sued in their official capacity for retrospective monetary relief are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Edelman v. Jordan*, 415 U.S. 651 (1974). Accordingly, the claims for monetary relief against the individual defendants in their official capacity will be dismissed.

### C. Suing the State

Plaintiff cannot bring Section 1983 claims against the State of Nevada. A state is not a "person" subject to suit under 42 U.S.C. §1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*). Furthermore, the Eleventh Amendment bars Section 1983 suits against states and their agencies. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135 (9th Cir. 1997); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, this defendant shall be dismissed from the action.

### D. Count I - Retaliation

In his first count plaintiff alleges that on June 29, 2007, he spoke to Lieutenant Powe and told him that he had been beaten and sexually assaulted by another inmate. Plaintiff asserts that Powe then sent him to administrative segregation, purportedly for security reasons. Plaintiff alleges that he was placed in administrative segregation as a punishment for reporting the sexual assault and physical abuse. Plaintiff states that he was never charged with a disciplinary violation or other charge, and should not have been placed in administrative segregation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). Plaintiff must allege that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff's claim that he was unfairly placed in administrative segregation for exercising his right to complain of a sexual assault and beating appears to be a viable claim.

### E. Count II - Conditions of Confinement

In count II plaintiff alleges that when he was placed in administrative segregation he did not receive adequate clothing. Plaintiff asserts that he had no towels, underwear or socks. Plaintiff also contends that he only had slippers or shower shoes and not proper shoes. Plaintiff states that he received clothing from other inmates, but never received a response to the inquiries he sent to the prison laundry services and Mr. Pomer, the laundry staff.

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347-48; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). Where a prisoner alleges he suffered injuries that stem from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152

F.3d 1124, 1129 (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  The alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837-38.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*

Plaintiff has failed to allege a sufficiently serious deprivation.  Plaintiff states that he did have shoes, but complains that his shoes were only slippers and were not sufficient.  Moreover, plaintiff does not allege that he entered administrative segregation with no clothing on.  Plaintiff alleges he did not receive adequate towels, socks or underwear, and received some of these items from other inmates.  While prisoners officials are required to provide a prisoner with clothing, plaintiff's allegations fail to state a viable claim for relief.

**F.  Count III - Deliberate Indifference to Safety**

In his third count plaintiff contends that the Lieutenant Gunn and Correctional Officer Williams failed to protect him from inmate violence.  Plaintiff alleges he was beaten and sexually assaulted by another inmate.  Moreover, plaintiff states that this inmate threatened him with razor blades and also stole his property.  Plaintiff alleges he suffered soreness to his neck, back, arms and head and also has been suffering from nightmares.

Prison officials "'have a duty...to protect prisoners from violence at the hands of other prisoners.'" *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).  The failure of a prison officer to protect an inmate from attacks by other prisoners may "rise to the level of an Eighth Amendment violation" if the prison official acted with deliberate indifference to a substantial risk of serious harm.  *Id.  See also Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (citing *Farmer*, 511 U.S. at 835).  The deprivation alleged must be objectively, sufficiently serious and the prison official must have the sufficient culpable state of

1  mind. *Hearns*, 413 F.3d at 1040.  A prison official must act with something more than mere
2  negligence but does not need to purposefully cause harm.  *Id.*

3  Plaintiff alleges that he suffered physical and sexual abuse at the hands of another
4  inmate.  While the allegations appear to be sufficiently serious, plaintiff fails to allege that the prison
5  officers knew of the risk of abuse and disregarded plaintiff's safety.  Furthermore, plaintiff does not
6  allege that the officers saw the beating and sexual assault occur and did nothing to stop the incident.
7  Moreover, plaintiff does not allege that the prison officials failed to take reasonable measures to
8  avoid the risk of harm to plaintiff's physical safety.  The allegations with respect to Lieutenant Gunn
9  and Correctional Officer Williams are insufficient to state a viable claim.

10  **G.  Failure to Link Named Defendants to Constitutional Violation**

11  Section 1983 requires there to be an actual connection or link between the actions of
12  the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*
13  *Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The
14  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
15  within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative
16  acts or omits to perform an act which he is legally required to do that causes the deprivation of which
17  complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

18  Plaintiff has failed to link defendant Neven with some affirmative act or omission
19  violative of his constitutional rights.  Plaintiff's complaint contains no mention or discussion of
20  defendant Neven.  This is insufficient to state a claim, because plaintiff has not linked this individual
21  defendant to any of his claims for relief.

22  Plaintiff also has failed to link the High Desert State Prison Classification Committee
23  with some act or omission that violates his constitutional rights.  Plaintiff merely mentions the
24  classification committee in his discussion of Count I and states that the classification committee has
25  not answered any of his inquiries relating to his administrative segregation.  Plaintiff does not allege
26  that the classification committee is participating in the alleged retaliatory conduct.  Plaintiff has

6

failed to state a viable claim with respect to the classification committee.

**H.  Failure to Properly Allege Supervisorial Liability**

Moreover, to the extent that plaintiff has attempted to sue defendant Neven under a theory of supervisory liability, plaintiff has not alleged sufficient facts to state a claim.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  Plaintiff must allege facts indicating that a supervisory defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy 'itself is a repudiation of constitutional rights'" and is "the moving force of the constitutional violation."  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to allege any facts against defendant Neven to state a claim for a constitutional violation or for supervisory liability, therefore with respect to this defendant, plaintiff's claims will be dismissed, with leave to amend.

**III.  Leave to Amend**

The Court has determined that plaintiff's complaint states a viable claim against defendant Powe in count I, but that the complaint does not state viable claims in counts II and III and is not viable as to the remaining defendants.  Plaintiff will be granted leave to amend, if he can allege additional facts in good faith to correct the deficiencies outlined above.  Plaintiff is informed that an amended complaint supercedes the original complaint and therefore must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).  Therefore, if plaintiff

chooses to file an amended complaint, it must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.  If plaintiff does not file an amended complaint within 30 days of the entry of this Order, this action will proceed on the original complaint, only on the claims identified as viable in this order.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall **NOT** be required to pay an initial installment fee.   Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting in forma pauperis status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **James Davis, Inmate #81111** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint, but the Clerk shall not serve the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff's allegations in Count I of the Civil Rights Complaint state a viable  § 1983 claim against defendant Powe for retaliation.

**IT IS FURTHER ORDERED** that defendant, the State of Nevada, is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's allegations in Counts I, II and III with respect to defendants Neven, Gunn, Williams, Pomer, and the Classification Committee of High Desert State Prison are **DISMISSED WITHOUT PREJUDICE** and with leave to amend as the allegations fail to state a claim.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within **thirty (30) days** of the date of entry of this Order if he believes that he can cure the defects of the complaint described above.  If plaintiff does not file an amended complaint, **this action will proceed on the original complaint**, only against the defendants and on the claims identified as viable in this Order.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** to plaintiff the approved form for filing a § 1983 complaint.  If plaintiff chooses to submit an amended complaint, he must use the approved form, and he should write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

DATED this  6th  day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE